UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA,              :
                                       :          17cr047 (DLC)
         -v-                           :
                                       :          OPINION AND ORDER
MAHMOUD THIAM,                         :
                                       :
                   Defendant.          :
                                       :
-------------------------------------- X

APPEARANCES

For the Government:
Elisha Kobre
Christopher J. DiMase
Assistant United States Attorneys
Joon H. Kim
Acting United States Attorney
for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Lorinda Laryea
Trial Attorney
Andrew Weissman
Chief, Criminal Division, Fraud Section
United States Department of Justice
1400 New York Ave., N.W.
Washington, DC 20005

For the defendant:
Aaron M. Goldsmith
Law Office of Aaron M. Goldsmith, P.C.
225 Broadway, Suite 715
New York, NY 10007

DENISE COTE, District Judge:

    Mahmoud Thiam ("Thiam") is charged in a two count

Indictment.  Count One alleges that he received bribes as a

Minister of Mines for the Republic of Guinea and engaged in wire

transfers of the proceeds of those bribes from Hong Kong to New York in violation of 18 U.S.C. §§ 1957 & 1952.  Count Two alleges that he laundered the bribe proceeds from Hong Kong to Malaysia, to Mozambique, and then into New York in violation of 18 U.S.C. § 1956.  Thiam moves to dismiss the Indictment as barred by the statute of limitations because the Government's applications to suspend the statute of limitations pursuant to 18 U.S.C. § 3292 were deficient.  For the following reasons, the motion is denied.

## Background

The Government made two _ex parte_ applications to judges of the Southern District of New York pursuant to § 3292 to suspend the statute of limitations during its grand jury investigation of Thiam and others.  Its first application, accompanied by a declaration from Federal Bureau of Investigation Agent Christopher Martinez (the "Agent") dated October 31, 2014, represents that official requests for evidence had been made to ten listed countries (the "Recipient Countries") between March 20, 2013 and August 15, 2014, describes the evidence sought from those countries and its relevance to the investigation, and explains Thiam's role in the crimes being investigated.  A November 25, 2014 Order granted the suspension application finding that "[i]t reasonably appears, based on a preponderance

of evidence presented to the Court, that evidence of the offenses under investigation is located in" the Recipient Countries.

The second application was accompanied by a declaration of the Agent dated January 3, 2016. The declaration listed three additional requests to three Recipient Countries between August 7, 2015 and November 13, 2015. A February 11, 2016 Order granted the suspension application. It noted the November 25, 2014 Order, and again found that "[i]t reasonably appears, based on a preponderance of the evidence presented to the Court, that evidence of the offenses under investigation is located in" the Recipient Countries.

The Government received responses to its requests beginning in 2013. The last response was received from Hong Kong on February 24, 2017. There was an official request for evidence pending continuously for all but two days from the time of the first request until February 24, 2017.

On January 18, 2017, a grand jury sitting in the Southern District of New York returned a two count Indictment charging Thiam with violating laws which have a statute of limitations of five years. The two counts allege that the conduct occurred "up to and including at least in or about August 2011" and "[i]n or about November 2010." At a conference on February 13, Thiam

3

requested a speedy trial and did not object to a trial beginning on April 24, 2017. On March 24, Thiam filed a motion to dismiss the Indictment, arguing that it was returned outside the statute of limitations. When measured from November 2010, the Indictment was returned approximately fourteen months beyond the five year statue of limitations.

## Discussion

Section 3282 provides that the Government has five years to bring an Indictment for noncapital crimes, including the crimes charged in the Indictment. 18 U.S.C. § 3282. Section 3292 provides for up to a three year suspension of the statute of limitations during the pendency of requests for evidence from a foreign country, extending the statute of limitations to a maximum of eight years. Section 3292 reads in pertinent part as follows:

> **(a)** **(1)** Upon application of the United States, filed before return of an Indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country. . . .

> **(b)** Except as provided in subsection (c) of this section, a period of suspension under this section

shall begin on the date on which the official request is made and end on the date on which the foreign court or authority takes final action on the request.

**(c)** The total of all periods of suspension under this section with respect to an offense--

    **(1)** shall not exceed three years; and

    **(2)** shall not extend a period within which a criminal case must be initiated for more than six months if all foreign authorities take final action before such period would expire without regard to this section.

**(d)** As used in this section, the term "official request" means a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country.

18 U.S.C. § 3292.

Section 3292 "requires a district court to suspend the running of a statute of limitations upon an appropriate application showing: (1) that evidence of an offense being investigated by a grand jury is in a foreign country; and (2) that such evidence has been officially requested." United States v. Lyttle, 667 F.3d 220, 224 (2d Cir. 2012). The preponderance-of-the-evidence standard within § 3292 "applies when determining whether the United States has made an official request." Id. When deciding whether the evidence is in a foreign country: "a court must find by a preponderance of the

evidence that it <u>reasonably appears</u>, or reasonably appeared at the time the request was made, that such evidence is, or was, in a foreign country." <u>Id.</u> (citation omitted).

The "final action" taken by foreign authorities is not defined by the statute, but is construed to mean that "a dispositive response to each item set out in the official request, including a request for certification," has been received. <u>United States v. Bischel</u>, 61 F.3d 1429, 1433 (9th Cir. 1995). Where a foreign country believes it has fulfilled the request and communicates that belief to the United States, this also constitutes a "final action" under § 3292. <u>United States v. Meador</u>, 138 F.3d 986, 992 (5th Cir. 1998).

The purpose of § 3292 is to compensate for delays in obtaining foreign evidence, not the delays attendant to sifting through such evidence. <u>United States v. Atiyeh</u>, 402 F.3d 354, 365 & n.13 (3d Cir. 2005). Section 3292 does not require, however, that the foreign evidence sought "be necessary for an indictment." <u>Lyttle</u>, 667 F.3d at 226. "[I]t need only be 'evidence of an offense.'" <u>Id.</u> at 225 (quoting § 3292). Nor does § 3292 impose a diligence requirement on the Government. <u>Bischel</u>, 61 F.2d at 1435.

The Government's applications and the orders that granted the applications meet § 3292's requirements. The applications

were supported by the Agent's sworn affidavit, attesting that official requests had been made and that the requested evidence reasonably appeared to be located in a foreign country.  The affidavits describe the conduct in which Thiam was alleged to have engaged and the suspension applications describe how the evidence requested from specific countries is relevant to the alleged conduct.  This is sufficient for a judge to find by a preponderance of the evidence, as two Southern District judges did, that § 3292's requirements had been met.

The five year statute of limitations for the crimes charged in the Indictment ran, at its earliest, in November 2015.  The Government's first official request was on March 20, 2013, and requests were outstanding from then until February 24, 2017,[1] for a period of over thirty-six months.[2]  The Indictment was filed on January 18, 2017, roughly fourteen months beyond November 2015, but well within the three years by which the § 3292 Orders had extended the statute of limitations.

Thiam makes essentially two arguments in support of his motion to dismiss the Indictment.  He first argues that the

---

[1] There was a two day gap from May 17 to May 19, 2013 during which there were no requests outstanding.

[2] At the time Thiam brought his motion to dismiss, he was not aware that the final action on the Government's requests was not taken until February 2017.

Indictment does not allege that its charges depend on evidence gathered in a foreign country.  The Constitution requires that an indictment "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and . . . enable[] [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense."  United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007).  See also Fed. R. Crim. P. 7 (an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").  Section 3292 contains no requirement that an Indictment describe its reliance on foreign evidence, much less that the foreign evidence sought or received was necessary for an indictment.  Lyttle, 667 F.3d at 226.

Next, Thiam argues that the Government must show both that it was sufficiently diligent in pursuing foreign evidence relevant to Thiam and that it could not have brought the Indictment's charges within the five year statute of limitations period.  He cites United States v. Trainor, 376 F.3d 1325 (11th Cir. 2004), in support of this argument.  Trainor does not impose these requirements.  It held that the Government, when making its § 3292 application, must provide something with evidentiary value tending to prove it is reasonably likely that

evidence of the charged offenses is in a foreign country.  Id.
at 1332.  See also Bischel, 61 F.2d at 1435 (no diligence
requirement).  The Government is entitled to file its charges
within the time allowed by a properly extended statute of
limitation.  It has no duty to file charges as soon as it has
information sufficient to support probable cause.  Lyttle, 667
F.3d at 225.

**Conclusion**

Thiam's March 24, 2017 motion to dismiss the Indictment is
denied.

Dated:     New York, New York
           April 4, 2017

_____
DENISE COTE
United States District Judge