AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway Suite 715
New York, New York 10007
(914) 588-2679

Attorney for Mr. Thiam

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

(HONORABLE DENISE L. COTE, USDJ)

| UNITED STATES OF AMERICA, | ) | Case No. 17 Cr 0047(DLC) |
|---|---|---|
| Plaintiff, | ) | Date: April 21, 2017 |
| | ) | Time: |
| v. | ) | |
| | ) | **DEFENDANT'S AFFIRMATION IN OPPOSITION TO GOVERNMENT MOTIONS *IN LIMINE*** |
| **MAHMOUD THIAM**, | ) | |
| Defendant. | ) | |

TO:   JOON H. KIM, UNITED STATES ATTORNEY,
      ELISHA KOBRE, ASSISTANT UNITED STATES ATTORNEY:

   I, AARON M. GOLDSMITH, an attorney duly admitted to practice law before the State of New York and the United States District Court, Southern District of New York, affirm the following under penalties of perjury:

   1. That I am the attorney of record for Defendant MAHMOUD THIAM.

   2. That I make this affirmation in Opposition to the Government's Motions *In Limine*.

   3. Defendant THIAM is charged by an Indictment filed on January 18, 2017.

   4. Count One of the Indictment charges Defendant THIAM with the scheme to launder bribery proceeds in violation of Title 18, United States Code, §1957 and 18 USC § 2.

   5. Count Two of the Indictment charges the Defendant THIAM with money laundering in violation of Title 18, United States Code, § 1956(a)(1)(B), 1956(f) and 18 USC § 2.

   6. Jury selection is scheduled to commence on April 24, 2017.

I.  The Motion to Instruct Jury on Guinean Bribery Statutes

7. Defendant THIAM agrees that the crime of Bribery under Guinean statutes is a necessary element of the charged offenses herein.

8. Defendant THIAM agrees that the Government must prove the elements of bribery under Guinean law in order to satisfy the burden of proof for that element under the offenses charged herein and that the Jury should be instructed accordingly.

9. Defendant THIAM further agrees that the relevant Guinean statutes are Article 192 and 194, as proposed by the Government in its motion *in limine*.

10.  As a result, Defendant THIAM consents to this particular application.

II.  The Motion to Preclude the Beneficial Impact of the Agreements at Issue

11. The beneficial impact of the Shareholder Agreement(s) at issue are necessary for the Jury to hear in making a full and fair determination of the facts in this matter.  Accordingly, Defense must not be precluded from eliciting such information from witnesses and/or exhibits.

12.  The Government wrongly argues that the beneficial effects of the agreements between the Republic of Guinea and CIF are wholly irrelevant and fail an analysis under Rules 401 and 403 of the Rules of Evidence.

13.  While it is indisputable that bribery may be committed related to a deal that is favorable to the municipality at issue, the failure to include the beneficial impacts at trial herein will be unduly prejudicial to Defendant THIAM.

14.  Information surrounding the negotiations and details of the deal itself are necessary for the jury's understanding as background and narrative information.  This is no different then when the Government often seeks to introduce background information regarding different members of an alleged conspiracy.  The information surrounding the deal at issue and its effects/impact on the Republic of Guinea serve to provide the Jury with context so that they may better understand the allegations of the instant indictment.

15.  Any discomfort the Government has can easily be alleviated by providing a limiting instruction or paragraph in the Jury Charge instructing the Jury that the potential impact of a deal (or action/inaction) is inconsequential to determining whether a bribe took place.  That the Jurors, in determining guilt or innocence, must confine their analysis to whether the Government proved beyond a reasonable doubt that an agent of CIF attempted to pay money or benefits to Defendant THIAM in exchange for a promised action or inaction related to the shareholder agreement(s) at issue.

16. The effects and impact of the agreement are interwoven with the details of the negotiations. The details also help to explain to the Jury the policies and procedures in place, at the time, with this particular governmental regime. Those details help to explain the level of transparency involved, the bureaucratic process, as well as Defendant THIAM's authority (or lack thereof) to act independently as it relates to the allegations of bribery.

17. Finally, and most importantly, the preclusion of details surrounding the negotiations and details surrounding the benefits and impact of the shareholder agreement(s) at issue will severely and unduly prejudice Defendant THIAM by inviting the Jurors to speculate as to details not in evidence. Any such **speculation** will only result in **unreasonable inferences** regarding the process, individual players' states of mind and possible motive for Defendant THIAM. Defense anticipates that the details and information to be forthcoming in the Government's exhibits, in conjunction with the information regarding the negotiations and impacts of the deals, will provide Jurors with sufficient information to make **reasonable** inferences during deliberations.

18. Accordingly, it is respectfully requested that the Court deny the Government's motion to preclude evidence regarding the impact and beneficial effects of the shareholder agreement(s) at issue, in its entirety. Should the Court deem it necessary at a later point in trial, the Court can always issue a limiting instruction similar to that described above.

### III. Motion to Deem Foreign Business Records Admissible

19. Defendant THIAM agrees that 18 USC §3505 is the controlling statute.

20. If the Government will provide the appropriate foreign certifications, then Defendant THIAM has no objection to these materials being deemed admissible at trial.

### IV. Motion to Preclude Defense from Eliciting Portions of Interrogation Transcript

21. The Government's motion to preclude Defense from eliciting portions/excerpts of the interrogation transcript not introduced or otherwise utilized by the Government must be denied in its entirety.

22. The requested relief will severely and unduly prejudice Defendant THIAM by denying his rights under the Confrontation Clause and violating the doctrine of the rule of completeness.

23. The Government suggests that if Defense is permitted to elicit certain excerpts of the lengthy interrogation, that it will select superficially exculpatory excerpts out of context and deprive the Jury from being able to fairly analyze the statement.

24. However, the Government's argument of feared outcome – "cherry picking" – is the precise harm it seeks to perform under the requested relief. The Government seeks to introduce and elicit exerpts of the lengthy interrogation absent the opportunity for Defense to impeach a witness or otherwise provide a retort to the Government's argument/supposition.

25. Any such relief would deny the Defendant his rights under the Confrontation Clause, as well as a full and fair opportunity to cross-examine witnesses appropriately. Thus Defendant THIAM would be severely and unduly prejudiced if the Government's relief were granted.

26. To the contrary, the Government does not have such potential prejudice. The Government has the opportunity to re-direct its witnesses. If the Government feels that a particular excerpt of statement is not accurate or out of context on a cross-examination, then it has the ability to find correlating statements to re-direct its witnesses freely.

27. The Government cannot argue to the Court that any portion of the interrogation statement is admissible as an "admission," but that it is hearsay if offered for any purpose other than as the Government wishes.

28. As a result, the Government's motion to preclude Defense from eliciting excerpts of statements from Defendant THIAM's interrogation during cross-examinations, must be denied in its entirety.

29. **It is important to note, however**, **that both parties are currently in the process of reviewing the transcript and negotiating what excerpts can be stipulated to being used. That process is ongoing, and in the event that it fails wholly, or in part, then Defendant THIAM maintains his opposition to the instant motion and will alert the Court to specific issues as soon as possible**.

V. Motion to Admit Banking Records from HSBC and JP MORGAN CHASE

30. Defendant THIAM has no objection to the admissibility of bank records from HSBC and JP MORGAN CHASE as business records at trial, provided that the Government does produce appropriate certifications for all such records.

VI. Motion to Preclude Arguments Regarding Statute of Limitations

31. Defendant THIAM filed a motion to dismiss on the grounds of failure to adhere to the appropriate statutes regarding time limitations to indict. The Court denied that motion and the record is preserved. Accordingly, Defendant THIAM will not make arguments at trial regarding the applicable statute of limitations and its tolling. Defendant THIAM will further not attempt to admit or elicit evidence regarding same for the purpose of arguing a violation of statute of limitations or attempting to secure a repugnant verdict.

WHEREFORE, it is respectfully requested that the Court deny the Government's motions to (a) preclude Defense from eliciting information regarding the beneficial impact of the shareholder agreement(s) at issue, and (b) preclude Defense from introducing its own excerpts of the interrogation transcript at trial, in their entirety; and for such other and further relief as this Court deems just and proper.

Dated: April 13, 2017
New York, NY

_____
s/AARON M. GOLDSMITH (AG4773)

# **CERTIFICATION OF SERVICE**

AARON M. GOLDSMITH, an attorney duly admitted to practice law before the Courts of the United States, Southern District of New York, affirms the following under penalty of perjury:

That I am attorney for Defendant MAHMOUD THIAM in the above-entitled action; that I am not a party to this action; and that on the 13th day of April, 2017, I served the annexed AFFIRMATION IN OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE*, by ECF and electronic means, to the following:

> U.S. ATTORNEYS' OFFICE, SDNY
> Attn.: Elisha Kobre, AUSA
>         Christopher DiMase, AUSA
>         Lorinda Laryea, AUSA
> One St. Andrew's Plaza
> New York, NY 10007

AND that I further filed the annexed AFFIRMATION IN OPPOSITION, electronically.

This being the address of record within the State of New York, listed for service of the parties to the within action.

Dated: New York, NY
       April 13, 2017

                                                        _____
                                                        s/Aaron M. Goldsmith, Esq.