# LAW OFFICE OF
# AARON M. GOLDSMITH

A PROFESSIONAL CORPORATION
225 Broadway, Suite 715
New York, NY 10007
(Tel.) - (914) 588-2679
(Fax) - (212) 566-8165
*www.aarongoldsmithlaw.com*

★ Admitted in NY and CT

April 23, 2017

**Via ECF**
US DISTRICT COURT, SDNY
Hon. Denise L. Cote, USDJ
500 Pearl Street
New York, NY 10007

RE:   US v Mahmoud Thiam
        Docket: 17 Cr 0047 (DLC)

Dear Honorable Madame:

    As you know, I represent Defendant THIAM in the above-referenced matter. Please accept this correspondence as an addendum to Defendant THIAM's motion for videoconference testimony, pursuant to Rule 15, filed on April 20, 2017. Please accept the following as a more detailed description of the testimony expected to be elicited through Momo Sakho, that will be material and exculpatory in nature.

    Based upon the discovery and 3500 material received to date, the Defense expects that the Government does not have a cooperating witness and does not have a witness who is capable of stating with first-hand knowledge that a payment was made to Defendant as a bribe.

    Further, from conversations with the Government and the pre-trial conference, it appears that they will only be relying upon two (2) witnesses from the Guinean Government. The Defense expects those witnesses to discuss the political environment of Guinea at the time; their understanding and involvement in the negotiations of the CIF deal and their belief and understanding as to Defendant THIAM's roles and responsibilities related to the Government in general and the CIF deal. Within that content, it is expected that Mamadou Sande will discuss how appropriate payment structures should have been constructed regarding the CIF deal and that he did not know if Defendant THIAM had the capacity to stop or accelerate the negotiations with CIF. It is also expected that Daouda Camara

will discuss that as Minister of Mines, Defendant THIAM had the ability to negotiate terms of the deal, permits and concessions, but needed presidential backing/approval in order to execute any permits and concessions.  Further, Camara is expected to testify that Defendant THIAM could have bolstered a deal if he liked or scuttled it if he disliked.  Finally, Camara is expected to testify that while he believed Defendant THIAM was very professional, he felt Defendant THIAM was not transparent in his actions.

    MOMO SAKHO is expected to testify that Defendant THIAM was not in a position to make or break any deal; also that Defendant THIAM did not have the authority to execute without the President in negotiations and that he could not strongly influence the President and Cabinet Ministers one way or the other.  Mr. Sakho will also testify that, within his witness as Advisor to the President during the relevant times, the President listened more carefully and was more influenced by several other ministers in the cabinet that he had closer relationships with than with Defendant THIAM.  Mr. Sakho will testify that the President did have direct access to SAM PA.  Mr. Sakho will further testify that a Joint Venture agreement, giving the private energy company eighty-five (85%) percent and the local Government fifteen (15%) percent of the proceeds is common practice in the mining industry and was in conformity with the guidelines of the Guinean mining code at the time.  Finally, he will be able to testify that the ultimate decisions to approve the negotiations and revisions to the agreements were made by the President, the Prime Minister and the Cabinet.

    As a result, Mr. Sakho's testimony has the ability to undermine, if not completely rebut, the testimony of Mr. Sande and Mr. Camara that, while circumstantial only, could possibly lead the Jurors to make a reasonable inference that Defendant THIAM had the ability to strongly influence, or otherwise manipulate the CIF deal or any of its components.  Mr. Sakho will be able to testify that the President was required to execute negotiations and that Defendant THIAM was far less influential that many other Ministers at the time.

    Accordingly, if Mr. Sakho is precluded from testifying by means of video teleconference, then Defendant THIAM's rights under the Confrontation Clause will be severely and unduly prejudiced.


                                              Respectfully Submitted,


                                              s/Aaron M. Goldsmith

cc:
    Elisha Kobre, AUSA
    Christopher DiMase, AUSA
    Lorinda Laryea, AUSA