


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2017

**VIA ECF**
The Honorable Denise L. Cote
United States District Judge
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007

                  Re:  *United States v. Mahmoud Thiam*
                        17 Cr. 47 (DLC)

Dear Judge Cote:

      On April 23, 2017, the defendant supplemented his motion seeking to take trial testimony of witness Momo Sakho by video teleconference, pursuant to Federal Rule of Criminal Procedure 15.  (Doc. #97).  Like his original motion, the defendant's supplemental filing does not satisfy Rule 15's materiality requirement, which demands that he show that the proffered testimony would be exculpatory.  *See United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994); *United States v. Abu Ghayth*, 17 F. Supp. 3d 289, 299 (S.D.N.Y. 2014).  The defendant's supplemental submission cites four areas that Sakho will testify about; none of those areas of proffered testimony is exculpatory.

      First, according to the defendant, Sakho will testify that the defendant did not have *sole* authority to approve the deals that Guinea signed with the Chinese conglomerate.  Whether the defendant had *sole* authority to approve the deal is not the issue, because the Government is not required to prove that a bribe was paid to the ultimate decision-maker.  Reading that requirement into anti-corruption laws would strip them of their power by permitting bribery of most public servants.  For example, under the defendant's reading of the law, bribing a Senator's staffer to influence a Senator's vote would not be a crime.

      Second, the defendant proffers that Sakho will testify that the defendant could not strongly influence the president and that other government officials held more sway over Dadis Camara, the President of Guinea at the time.  This is irrelevant.  Whether President Camara listened to other officials more than he listened to the defendant does not mean that the defendant could not influence President Camara.  Instead, it shows that Thiam had the ability to influence President Camara, which is inculpatory, not exculpatory.

Third, the defendant proffers that Sakho will testify that President Camara had direct access to executives of the Chinese conglomerate. This also is irrelevant. Whether President Camara could have spoken directly with executives of the Chinese conglomerate does not affect whether the defendant, in his role as Guinea's Minister of Mines, had influence over the negotiations and the ultimate agreement with the Chinese conglomerate.

Finally, according to the defendant, Sakho will testify that the structure of the deal that the defendant took bribes to help facilitate was common in the mining industry and conformed to Guinean law. Even if this assertion is true, it is not exculpatory because whether Guinea received 15% of the ownership of the joint venture has nothing to do with whether the Chinese conglomerate bribed the defendant. The defendant is not charged with making a bad deal for Guinea, nor do Guinea's anti-bribery laws require such evidence. He is charged with accepting bribes from the Chinese conglomerate and laundering the money that he received.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

by: _____/s/_____
Christopher J. DiMase
Elisha Kobre
Assistant United States Attorneys
(212) 637-2433 / 2599

ANDREW WEISSMANN
Chief, Criminal Division, Fraud Section
United States Department of Justice

by: _____/s/_____
Lorinda Laryea, Trial Attorney
(202) 353-3439